HOLMES, Judge.
The plaintiff sued defendants for negligently allowing a tree to fall on plaintiff’s house. The trial court, sitting without a jury, entered a judgment of $7,500 against the defendant who cut the tree down. The trial court found in favor of defendant-landowner.
The plaintiff appeals, contending the trial court erred in failing to enter judgment against defendant-landowner. We affirm.
The record in pertinent part reveals:
The plaintiff and defendant-landowner own adjoining property. The defendant-landowner allowed defendant-Edwards to come on defendant-landowner’s property to cut timber. Defendant-Edwards paid defendant-landowner approximately $350 for this privilege. While on the property defendant-Edwards cut a tree which fell on the plaintiff’s home causing damage.
The trial court, after an ore tenus hearing, apparently found the defendant-Edwards to be an independent contractor and no negligence on the part of the defendant-landowner. These apparent findings resulted in a judgment in favor of defendant-landowner.
*1020 We do not deem it necessary nor prudent to set out in detail the evidence. Suffice it to say it is not a paragon of clarity as to precisely what occurred. There is evidence to support a conclusion that defendant-landowner’s action did not constitute negligence.
Where the evidence is heard orally before the trial court, such as we have in this instance, the finding of the court has the effect of a jury’s verdict and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. See, First Southern Federal Savings & Loan Ass'n of Mobile v. Nicrosi, Ala., 333 So.2d 780 (1976); 2A Ala. Digest, Appeal & Error Key 1008.1(2).
In the instant appeal we find the judgment of the trial court not to be plainly erroneous or manifestly unjust.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.